1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KELLY WILSON,

11          Plaintiff,                    No. CIV S-06-0749 DFL PAN P

12      vs.

13
     CALIFORNIA DEPARTMENT
14   OF CORRECTIONS, et al.,

15          Defendants.              <u>ORDER</u>

16   _____/

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21          Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

25   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

26   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1  month's income credited to plaintiff's prison trust account.  These payments shall be collected

2  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

3  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4           The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint, or portion thereof, should only be dismissed for failure to state a

18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

22  complaint under this standard, the court must accept as true the allegations of the complaint in

23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26  /////

1    Plaintiff contends his transfer to SVSP was in retaliation for a civil lawsuit he

2    filed in the Fresno Division of this court.  (Case No. CIV S-05-1144 REC SMS P.)  However,

3    plaintiff's allegations of retaliation are too vague and conclusory to state a cognizable claim for

4    relief.  In order to state a retaliation claim, plaintiff must allege facts that show that he engaged in

5    conduct protected by the First Amendment and that retaliation for that conduct was the

6    "substantial"or "motivating" factor behind the defendant's conduct.  See Soranno's Gasco, Inc. v.

7    Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  Plaintiff must also allege facts which show an

8    absence of legitimate correctional goals for the conduct he contends was retaliatory.  Pratt v.

9    Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

10   1985).

11   While plaintiff has sufficiently alleged that he engaged in protected First

12   Amendment activity, he has failed to allege any facts to support his conclusory assertion that the

13   acts of individual correctional staff were retaliatory.  For this additional reason, the complaint

14   fails to state a cognizable claim for relief.  Because plaintiff may be able to cure some or all of

15   the defects in his complaint, the court will grant leave to file an amended complaint.  However,

16   plaintiff is cautioned that inmates do not have a constitutional right to be housed at a particular

17   facility or institution or to be transferred, or not transferred, from one facility or institution to

18   another.  Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215,

19   224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).  Nor does an

20   inmate have a constitutional right to any particular classification.  Moody v. Daggett, 429 U.S.

21   78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  Alleged

22   deprivations of rights arising from prison officials' housing and classification decisions do not

23   give rise to a federal constitutional claim encompassed by the Fourteenth Amendment.  Board of

24   Regents v. Roth, 408 U.S. 564, 569 (1972).  State statutes and regulations give rise to an interest

25   protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes

26   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

3

1   life." Sandin v. Conner, 515 U.S. 472, 483 (1995).  Inmates have no federal constitutional right

2   to particular procedures established by state law.  Toussaint v. McCarthy, 801 F.2d 1080, 1096-

3   97 (9th Cir. 1986).

4          The court finds the allegations in plaintiff's complaint so vague and conclusory

5   that it is unable to determine whether the current action is frivolous or fails to state a claim for

6   relief.  The court has determined that the complaint does not contain a short and plain statement

7   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

8   policy, a complaint must give fair notice and state the elements of the claim plainly and

9   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

10  must allege with at least some degree of particularity overt acts which defendants engaged in that

11  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

12  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

13  file an amended complaint.

14         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

15  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

16  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

17  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

18  there is some affirmative link or connection between a defendant's actions and the claimed

19  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

20  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

21  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

22  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

24  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

25  amended complaint be complete in itself without reference to any prior pleading.  This is

26  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

4

1  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

2  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

3  original complaint, each claim and the involvement of each defendant must be sufficiently

4  alleged.

5          In accordance with the above, IT IS HEREBY ORDERED that:

6          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7          2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

8  The fee shall be collected and paid in accordance with this court's order to the Director of the

9  California Department of Corrections and Rehabilitation filed concurrently herewith.

10          3.  Plaintiff's complaint is dismissed.

11          4.  Plaintiff is granted thirty days from the date of service of this order to file an

12  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

13  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

14  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

15  an original and two copies of the amended complaint; failure to file an amended complaint in

16  accordance with this order will result in a recommendation that this action be dismissed.

17  DATED: June 5, 2006.

18

19

20                                          UNITED STATES MAGISTRATE JUDGE

21  /001; wils0749.14a

22

23

24

25

26