1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KELLY WILSON,

11           Plaintiff,                          No. CIV S-06-0749 DFL EFB P

12       vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,

14           Defendants.                ORDER AND FINDINGS AND
                                        RECOMMENDATIONS
15                                    /

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule

19   72-302 pursuant to 28 U.S.C. § 636(b)(1).

20          By court order filed June 7, 2006, plaintiff's complaint was dismissed for failure to state

21   a claim upon which relief may be granted.   The court instructed plaintiff that his claims were so

22   vague and conclusory that they failed to state a cognizable claim and gave plaintiff leave to file

23   an amended complaint.  On September 22, plaintiff filed an amended complaint.  The court has

24   reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and finds that it also fails

25   to state a claim.

26   ////

1    Plaintiff contends his transfer to SVSP was in retaliation for a civil lawsuit he filed in the

2  Fresno Division of this court. (Case No. CIV S-05-1144 REC SMS P.)  However, despite the

3  explicit instruction communicated to plaintiff in the court's order dated June 7, 2006, plaintiff's

4  allegations of retaliation in his amended complaint are too vague and conclusory to state a

5  cognizable claim for relief. Plaintiff fails to allege facts that show that he engaged in conduct

6  protected by the First Amendment and that retaliation for that conduct was the "substantial"or

7  "motivating" factor behind the defendant's conduct. *See Soranno's Gasco, Inc. v. Morgan*, 874

8  F.2d 1310, 1314 (9th Cir. 1989).  Plaintiff failed to allege facts that show an absence of

9  legitimate correctional goals for the conduct he contends was retaliatory. *Pratt v. Rowland*, 65

10  F.3d 802, 806 (9th Cir. 1995) (citing *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985).

11    Plaintiff failed to demonstrate how the conditions complained of have resulted in a

12  deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).

13  Also, plaintiff failed to allege in specific terms how each named defendant is involved. There can

14  be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

15  between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976);

16  *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

17  Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights

18  violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The

19  court will therefore recommend that this action be dismissed.

20    On September 29, plaintiff submitted a second motion to proceed in forma pauperis.

21  Plaintiff was granted leave to proceed *in forma pauperis* by court order filed June 7, 2006.

22  Plaintiff's latest motion will therefore be disregarded.

23    In accordance with the above, IT IS HEREBY ORDERED that plaintiff's September 29,

24  2006, motion to proceed *in forma pauperis* shall be placed in the file and disregarded as

25  duplicative.

26  ////

1    IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for

2    plaintiff's failure to state a claim.  *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000)

3    (indigent prisoner proceeding without counsel must be given leave to file amended complaint

4    unless the court can rule out any possibility that the plaintiff could state a claim).

5    These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

7    after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties.  Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

10   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

11   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12   Dated: November 15, 2006.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26